Case number 16-1229, Robert Reeves v. Sherman Campbell. Argument not to exceed 15 minutes per side. Mr. Suri, you may proceed for the appellant. Thank you, Your Honors. Vivek Suri for the appellant, Robert Reeves. If I may, I'd like to reserve three minutes for rebuttal. All right. This case may seem at first glance to present a lot of complicated issues, but in the end it comes down to a single point. No one here defends the district court's resolution of Mr. Reeves' double jeopardy claim, nor the state court's resolution of that claim. Instead, the warden is here presenting a series of new arguments that neither the district court nor the state court ever had a chance to opine on. Most of those arguments have been forfeited. All of them are, in our view, incorrect. So this court should reverse, or at the very least vacate the district court's ruling and send the case back so that that court can decide all these new issues in the first instance to the extent they've been properly preserved. I'd like to begin, if I may, with the reasons the district court's and state court's resolution of Mr. Reeves' double jeopardy claim is incorrect. The state court said that two offenses comply with the double jeopardy clause so long as they arise under different statutes with different elements. The state isn't defending that articulation of the governing test today. It isn't even defending it under AEDPA. And that's for good reason. That statement of the law is inaccurate. It doesn't matter whether the offenses arise under separate statutes or the same statute. What do we do about this Missouri point that you can criminalize the same act in two different ways as long as it's clear that the legislature meant for there to be separate penalties for both? It seems like it would have been a pretty good point throughout. We'll hear what the state has to say in terms of whether they preserved it or exactly what to do with it. But your request is to let someone out of jail, and it's quite possible, given what I've heard, that he belongs in jail. One preliminary before I answer that, which is my client is no longer in jail. That's right. So this is just about the consequences. So setting aside the forfeiture point, the state law on which the warden is relying there is itself a violation of the state constitution, and for that reason can't validly It seems like a serious lock-stepping state in this area. It lock-steps with what was the meaning of the federal provision in 1963. It doesn't lock-step with what the current meaning of the provision is. Aren't there state Supreme Court decisions that have cited and used Missouri? There are, but those cases, first of all, many of those cases involve the federal constitution. And, of course, they have to apply Missouri v. Holland when applying the federal constitution. Secondly, in the remaining cases, the argument that we've made, as far as I'm aware, was not separately presented and therefore could not have been passed upon by the state court. As far as I'm aware, the Michigan courts have never squarely held one way or the other on the issue we're talking about, which is why we have to rely on more general principles of Michigan double jeopardy law. One of those more general principles is that the state provision means the same thing in the multiple punishments context as in the single trial, in multiple trial context. That's the opposite of what Missouri v. Hunter says. Hunter suggests that the Blockberger test applies only in the multiple trial context and can be overridden by legislative authorization in the single trial context. But if you've got a state Supreme Court that says not once but five times in a single opinion and many times in other opinions that that distinction is not something that Michigan recognizes, then I don't see how Hunter can properly be considered a part of the Michigan constitution. Let's say they did forfeit the Missouri argument. Suspend for a little bit whether they lockstep or not. So they forfeited it. Would we be allowed to apply plain air? They're raising it now. Would we just think of this as a plain air point? I don't think you would because Rule 52 doesn't apply in this context. I think you might think of it in the sense that you certainly have discretion to overlook forfeitures. Remind me why Rule 52, I'm missing that. I didn't realize it didn't apply in this. This is a civil case technically and Rule 52 is part of the criminal rules. So it wouldn't apply here. But first of all, even if you were to apply some form of plain air review, I don't think the relevant prongs would be satisfied. At the very least, the Michigan constitutional issue that we've raised is substantial. So it can't be that the state's arguments are so obvious that the district court would have been certain to rule for them had the issue been raised in that way. But even putting that aside, of course, there are the other prongs of plain air that they would still have to satisfy, which they've made no effort to satisfy here. Unless there are more questions on Missouri v. Hunter, I'd like to turn to the state's other merits-related arguments. Since we're talking about the state's arguments, the state also contends that the offenses here involved separate incidents rather than a single incident. That argument, too, has been forfeited. It wasn't raised in the district court and wasn't passed on in either the district court or the state court. But even setting that aside, there's no basis in the record for contending that the two convictions here rest on two separate acts. There's a plea form that says that I am pleading guilty to arranging sex with a minor using a computer. It doesn't talk about separate trips or separate communications or anything like that. So that contention, too, doesn't have a basis in the record. I'll turn then to the state's other procedural arguments, unless there's more on the merits. But what would happen if we sent it back to the district court, the district court thought, well, we should, this Missouri argument seems significant. State courts haven't reviewed it. It's of course the state that has inserted this into the case. Would you then require more exhaustion of that new way of thinking about the double jeopardy claim? I don't think so. It's not a separate claim. I realize that. That's what I'm trying to figure out. There would be no chance for AEDPA review because they've not reviewed that way of thinking about it. Correct. I agree. There would be no AEDPA review applicable here. You would just think about it in terms of cause and prejudice? Because your client didn't raise the claim just this way, and therefore it's defaulted unless it was ineffective assistance not to raise it, and then it gets you to whether it was a good claim? Is that how it would work? No. Perhaps I could offer an analogy to see how this would work. Let's say the state had relied on a statutory authorization for multiple punishments. Then we responded, the legislature has repealed that statutory authorization and subsequent statute. You wouldn't think of that as a separate claim that has to be exhausted, has to be raised in state court. It's just a response to a defense that they have put up. Here we're saying that the state authorization has been invalidated, not by a later statute, but by the state constitution. The same kind of way of thinking about it should apply here, too. You wouldn't have to get into issues of exhaustion, default, ineffective assistance on this issue. First of all, because it's simply been forfeited by the state. Second of all, if you did get past it, then you'd just analyze what the Michigan constitution says, what the state courts have said about the Michigan constitution, and then you'd apply those legal principles to determine whether the state authorization is indeed valid or not. I'll turn then to the remaining grounds that the district court offered for its decision, which is procedural default. We've identified a few different ways to overcome the procedural default, but probably the simplest is the Supreme Court's decision in Rippo against Baker, under which the state court's analysis here was dependent on federal law and therefore can't be an independent and adequate state ground. So even if you accept the warden's reading of the state court's opinion, even if you accept that they made a clear statement about procedural default, it's plain that its cause and prejudice analysis boiled down to, we don't think this claim is meritorious, and because it isn't meritorious, there's no prejudice, therefore procedural default. But that's exactly what happened in the Rippo case, which in fairness to the warden, was decided after he filed his response brief. But that case squarely controls this analysis. If you don't agree with that point, then again, that's another reason to send the case back to the district court so that it can analyze the Rippo decision. What do you think about the statute of limitations? I mean, the district court has a funny procedure. Instead of dealing with Duncan by stay and abeyance, they do this automatic equitable tolling, and I don't think that is correct. So I wonder if there's a little bit of a statute of limitations problem here. Even if you think that that isn't correct, the point remains that that was the law that my client was faced with when he was filing these petitions, so there's a case for equitable tolling, because he would have been misled. But we agree that equitable tolling applies based on that condition. Wouldn't it be appropriate to tell the district court to change this procedure, that there's no such thing as automatic equitable tolling? There's a stay and abeyance. Use that if you want to use it, but otherwise equitable tolling is case by case. I won't fight too hard on whether the rule is correct or not, but I'm happy to defend it and explain why I don't think you should overrule that procedure. The first is that Duncan did not reach the equitable tolling issue. It talked only about statutory tolling. And the second reason is that it's reasonable to say that since litigants don't control how long judges take to decide their cases once they've been brought, that time shouldn't be charged against them. But if you have that thought, you do a stay and abeyance. That solves the problem perfectly. That is an alternative that's available, certainly. So I don't think we need to fight too hard on that, because it doesn't ultimately make a difference here. Even if you accept that understanding of equitable tolling, equitable tolling would certainly be available on these facts, because my client was certainly, at the very least, misled by the district court. If there are no further questions, I'll reserve for rebuttal. Do you have anything to say specifically as to ineffective assistance of appellate counsel excusing the procedural default? Sure. Ineffective assistance of appellate counsel, we've not raised as a separate claim. It's just a basis for excusing the procedural default. The court doesn't need to get to it, because as we've explained, there's an independence and adequate state ground problem that already gets rid of the procedural default. There's also a clear statement issue. But certainly IAC is yet another reason to excuse the procedural default. Thank you. Good morning, Your Honors. May it please the Court. As this Court is aware, habeas relief is an extraordinary remedy, and that remedy is not warranted in this case for three reasons. Because the double jeopardy claim is untimely, because it's defaulted, and because it's without merit. And I'd like to address the issues in that order. The district court correctly denied petitioner habeas relief. It didn't address the statute of limitations issue. This Court should address that threshold issue and find the claim untimely, because it's not at all a complicated issue. And I think it's the easiest and most straightforward way to dispose of this case. Untimely because of the one-year bar? Is that what you're saying? Yes. What's your response to his point that this unusual procedure, I'll call it unusual, I might even say it's wrong, surely the claimant would be allowed to rely on it? I don't understand why the claimant's not allowed to rely on the district court from an equitable tolling perspective, as opposed to Article III jurisdiction. Well, the district court here did give the petitioner the benefit of equitable tolling from the time that he filed his first petition, which was timely, until it dismissed the petition because it included an exhausted claim. So petitioner did get that benefit, but the district court explained the petitioner had a year left, didn't mislead the petitioner to think that the case would be pending, said that the petitioner had a year left, and go exhaust your claims. And it's our position that the statute of limitations begins to run the day after the district court dismissed the petition. Petitioner then had one year to either file the motion for relief from judgment to equitably toll the limitations, I mean to statutorily toll the limitations period, or to file a habeas petition. And that date, you said the day after, is that the August 6th? The August 6th, yep. It would begin on August 6th, 2010. Then he would have a year to August 6th, 2011, to file either an MRJ or a habeas petition. And so in your view, even though that district court decision was on appeal to the Sixth Circuit, he should have gone ahead and filed in state court? He should have gone ahead, and he didn't file his motion for relief from judgment in state court until over four months after the limitations period expire. And an untimely motion for relief from judgment doesn't restart the statute of limitations period. And he also, I'd like to note, waited over three months after the Michigan Supreme Court denied the application to then file the habeas petition. Can I just make sure I'm capturing something you said earlier? And I'm not sure I understand how this district court rule works, but the rule says in our district it's equitable tolling as long as the petition's pending? The petition should be pending. But you then said when the petition was dismissed for lack of exhaustion, I think you said the district court said the clock starts running now? That's the state's position. It's not the state's position, it's what does the record show? What did the district court say to Reeves at that point? I thought you said the district court said, hey, the clock started. I believe the district court said clearly that the petitioner has a year to either file the motion, has a year left remaining. The statute of limitations period hadn't yet started for this particular petitioner when he filed. The confusion with this rule is whether the district court is saying there's equitable tolling while the petition's pending, including, in other words, while the case is pending. I think the district court said that there's equitable tolling while the petition was pending. And it was no longer pending when the district court dismissed it. And petitioner is wrong to think... But why isn't it pending if there's an appeal of that? The motion for certificate of appealability? Because there wasn't a habeas action pending. I am not aware of any case law that says a petitioner gets tolling while a request for a certificate of appealability is pending. Petitioner hasn't cited anything that says you get tolling for that period. I don't know, we're not connecting. This is an equitable tolling point. So equitable tolling is turning on what the representations were to the individual and how an individual reasonably would have understood that. It's the application of equitable tolling based on the way this district court rule worked. Does that make sense? So I'm trying to figure out why it's not a fair assumption from the perspective of the petitioner. Hey, there's equitable tolling while the federal petition's pending. Why that wouldn't go to the end of that segment of the case as opposed to the immediately after the dismissal? I'm not telling you the answer. I'm just trying to figure out your information on how to assess it. It's not helpful to me to say EDPA doesn't count that. That doesn't matter. This is equitable tolling. Well, I don't believe the district court here and the district court's opinion speaks for itself. I don't believe the district court here misled the petitioner and said you're getting equitable tolling during this entire time. Page five, if I'm on the right document and the right page, he says, while the time in which the habeas case has been pending is not statutorily titled, not statutorily tolled, such time is equitably tolled by the court and it uses the words, while the time in which this habeas case has been pending in federal court. Now, it's true it uses the word has been pending, but normally you would say, I think you would say while you're engaged in appellate procedures, the case is pending in federal court. Is it not? I mean, it's not pending anyplace else and it's not unpending. Right, right. But I don't think the district court's language here would mislead the petitioner. The district court indicated that he had a year remaining and he had the benefit of equitable tolling while the case had been pending. So what do we do if... It sounds like everyone's in agreement that there's a bit of a problem of the state court analysis on the merits and a bit of a problem with the district court analysis on the merits. So has the state raised this argument before? And if they haven't raised the Missouri argument before, what do we do with it now? What's the way to think about it from our perspective? Well, I don't think the state has raised this argument before. We more broadly argued that the claim lacked merit, the double jeopardy claim lacked merit. Ideally, they should have been included in the answer. There were a number of habeas claims that were raised and there were other procedural hurdles that petitioner had to overcome. The statute of limitations of procedural default. That's a different defense that a state has to raise or is waived. This court can affirm the district court's decision on any basis that's supported by the record. And if the court does get to the merits of the double jeopardy claim, it should consider these arguments. The cases that petitioner cites that indicate that the court considered the state arguments waived. In those cases, further development of the record, factual development of the record was necessary. These are not complicated arguments, they're pretty straightforward. Petitioner did have the opportunity to respond in the reply brief. And I think the court should not consider them forfeited by the state. They're just additional basis upon which to... Alternative grounds of affirmance are alternative grounds raised below and sometimes not passed on. Does forfeiture not apply to the state or is that how this works? This court has the discretion to not consider these arguments and this court could remand back to the district court to consider them. The state concedes that. I think that the arguments are not complicated. I think any judge that would look at these arguments or look at the legislative intent specifically with respect to the double jeopardy claim would find that the Michigan legislature here clearly intended that these actions be punished cumulatively in this case. I think for judicial economy purposes this court can consider those arguments and not remand back to the district court. My second argument is that even if the court bypasses the default, the petitioner's double jeopardy claim is procedurally defaulted. The last state court to issue a reasoned opinion was the trial court. And the trial court specifically cited 6.508D3. Petitioner doesn't dispute that he failed to comply with that state procedural rule. And this court has repeatedly recognized that procedural rule as an independent and adequate state ground sufficient for a default. Petitioner claims that the state court didn't expressly and clearly rely on that ground. But I think the opinion indicates that the reliance couldn't be plainer. The state court cited the applicable rule early in its opinion. It explained the standard applicable. I think it shows that it unquestionably denied relief on procedural grounds. The state court said, in summary, petitioner fails to satisfy the court that any good cause or actual prejudice... I'm a little embarrassed to ask this question. Remind me exactly what the procedural default was? The default was not raising it earlier, at the earliest possible, like in the application in this case. The initial post-judgment state proceeding? Collateral proceeding? Yeah. In the initial application. The appeal after the plea. The initial application for relief. In this case it would be an application because he pled. He didn't raise it at his first opportunity to do so. I think the language in the state court's opinion was more than just a generic procedural reference, as petitioner claims. Petitioner claims that the state court's decision was ambiguous. And he cites Peoples v. Laffler, this court's decision from 2013. But the distinguishing factor between that case and this one is that in that case, the state court cited two conflicting procedural rules. 6.508 D2 and D3. And those rules are conflicting. Here, just one procedural rule was cited. It was D3. And again, this court has repeatedly found that specific rule to be an adequate and independent procedural rule upon which a state court can default claims. As far as the merits of the underlying claim, petitioner claims that the state court's reasoning was flawed. And it wasn't complete reasoning. And even if it was flawed or it wasn't a proper analysis under the Blackburger test, the result that the state court in this case reached, that there was no double jeopardy violation, was correct. And that's because the dispositive question in these multiple punishment contexts is whether the state legislature intended to authorize separate punishments for the crimes. And in this case, I think the legislative intent is very obvious. There was no need to even apply a Blackburger analysis where the intent was so obvious as it was here. And the Michigan legislature expressly said that a defendant can be convicted and punished for both the criminal sexual assault of activity and using the computer or the Internet to commit that underlying crime. And that is dispositive of the issue in this case. To the extent that petitioner... I think EDPA deference would apply to the result that the state court reached, which was that there was no double jeopardy violation, to the ultimate result. And this court has applied EDPA deference to the ultimate result of state court decisions in... How far does that rule go? I mean, let's say everything is litigated under the Fourth Amendment and ultimately it switches to Fifth Amendment. Somehow there's a Fifth Amendment argument that the Fourth Amendment claim goes away. I'm kind of making this up. But would you say, well, we apply EDPA deference because there is some constitutional way to do what the state did in imprisoning this person? You really would do that? I think that's right, and I think Richter supports that, where you can look for any reasonable arguments that supported the state court decision. And Richter wasn't limited to just unexplained decisions. I think Richter does go that far. I know circuits have taken different approaches, but I think this court has applied EDPA deference to the overall result of the state court decision. I think it does go that far. If there's any reasonable argument that supports the state court's ultimate conclusion, it gets deference. But even here, the court, even without applying EDPA deference to the specific case, I think Petitioner loses, given the clear legislative intent that Michigan has. Counsel, speaking of EDPA deference, did you examine, there was a Supreme Court case this past Monday where they summarily reversed the Sixth Circuit on an interplay of procedural default and EDPA deference. Did you look at that case? Does it have any effect on our ruling? I'm sorry, Your Honor, I'm not aware of that case. Mr. Suri, you might at your convenience answer the same question if you have an answer. I'm not aware of any effect that that case has. I'll begin with a few words on the statute of limitations and then turn to forfeiture. Before you do that, the opposing attorney claims that takes a different view of the double jeopardy claim. It would seem that if that hinges on whether one claim adds, well, the two crimes has an element that the other one does not, then maybe Blatt-Berger would apply here. What do you say about her argument in that regard? You've got a less included offense, and the only difference between the two offenses is one employs the use of the computer and the other one does not, which would seem to suggest that we do have a case of double jeopardy here. But I want to have you respond to your opposing counsel in that regard. I take my friend not to be contesting what the Blatt-Berger test would provide for here, because when you have crime A and crime B, where crime B is committing crime A using a computer, it's clear that one is a subset of the other, and therefore the Blatt-Berger test would be satisfied. I take my friend instead to be suggesting that the Blatt-Berger test doesn't apply in the first place because of this legislative authorization. But, of course, that argument, most importantly, as we've just heard, was not raised in the district court, and so the court doesn't even need to get into all these complicated state constitutional law issues that we've talked about earlier. So the most straightforward way to resolve it is just to say the state forfeited it. It can raise the argument again next time if it wants to get into these state constitutional issues. Now, my friend did say this court has discretion to overlook a forfeiture, and it's true that the court does. But all we're asking for here is parity. This court and other courts often hold prisoners to very exacting standards. If they fail to preserve a claim at any level of court, whether it's the state court, state post-conviction court, district court, this court, that's very rigorously enforced against those pro se prisoners. All we're asking for is for the court to apply the same standards to the state, which is a well-counseled litigant. A few words on the statute of limitations issue. The district court used the phrase pending in federal court. There's no doubt that this court is a federal court and that Habeas case that's here is still pending. Now, Judge Boggs, you drew attention to the words has been pending. I would note two things. The first is that in a lot of the same districts, other opinions, it uses the phrase is pending interchangeably. And the other is the sentence says is equitably told and has been pending in the same sentence. So I don't think the district court was paying very close attention to the tense that was being used. If there are no further questions, thank you. Thank you, Mr. Suri. I see that you took this case under the Criminal Justice Act, so the court would certainly like to thank you. We know you do that as a service to the court and our system of justice, and your client has been well served. So thank you very much.